**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| LEAD COLLEGE PREPARATORY INC., | |
| Plaintiff, | |
| v. | Case No. 2:12-CV-205 JVB |
| GARY COMMUNITY SCHOOL CORPORATION, | |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff, Lead College Preparatory Inc., contends that this Court lacks jurisdiction over its suit against Defendant, Gary Community School Corporation, and seeks remand to state court. On October 17, 2012, the Court held an evidentiary hearing on the Plaintiff's Motion to Remand.

**A. Background**

The Kipp Foundation, which is neither incorporated nor located in Indiana[1] and which is not a party to this lawsuit, focuses on establishing public charter schools throughout the United States to serve students from educationally underserved communities. In early 2006, The Kipp Foundation assisted Gary citizens in establishing a corporation---Kipp Lead College Preparatory Inc.---to manage the charter school in Gary. Kipp Foundation's lawyer incorporated Kipp Lead College Preparatory Inc. in Indiana on March 7, 2006. (Def.'s Ex. 1.) Around the same time, The Kipp Foundation also assisted Kipp Lead College Preparatory in obtaining a charter through Ball

---

[1] Defendant's lawyer suggests that Kipp Foundation is incorporated in California.

State University, which allowed the school to operate in Gary and receive funding from the Indiana Department of Education. In 2011, Kipp Lead College Preparatory severed its relationship with the Kipp Foundation. On July 28, 2011, Kipp Lead College Preparatory, Inc. amended its articles of incorporation with the State of Indiana and renamed itself as Lead College Preparatory, Inc. (Def.'s Ex. 2.) Since its inception, Lead College Preparatory (both under its current and previous names) has been located in Gary and has conducted its business exclusively there.

On April 13, 2012, Lead College Preparatory ("Plaintiff" hereinafter) sued Defendant Gary Community School Corporation in state court. Defendant removed the lawsuit to this Court. In turn, Plaintiff moved to remand the case for lack of subject matter jurisdiction. Plaintiff also asks for an award of attorney's fees and costs associated with its motion.

Defendant is a school corporation whose only place of business is within the city of Gary, Indiana. (*Id.*) Defendant is incorporated in Indiana. The conflict between Plaintiff and Defendant surrounds the enforcement of an Indiana statute that aids corporations attempting to establish charter schools in abandoned school buildings.

Indiana law supports the use of abandoned school structures as charter school sites and mandates municipal cooperation. Indiana Code § 20-26-7-1(e) requires local school districts to report to the Indiana Department of Education when "a school building that was previously used for classroom instruction is closed, unused, or unoccupied." Ind. Code § 20-26-7-1(e) (2012). The Indiana Department of Education maintains a list of these unoccupied or unused buildings. A charter school can request to use one of these listed buildings by sending a letter of intent to the Indiana Department of Education. Ind. Code § 20-26-7-1(g) (2012).The local school district

is required by this statute to lease the building, or sell it, to the charter school organization for one dollar. *Id.* [2]

Plaintiff notified the Indiana Department of Education on November 30, 2011, of its intent to establish a charter school in the unoccupied Ernie Pyle Elementary School in Gary. (DE 1, Compl. at ¶ 5.) Defendant was notified by the Indiana Department of Education of Plaintiff's intent and Plaintiff's counsel contacted Defendant in an effort to open sale or lease negotiations. (*Id.* ¶¶ 6, 8.) Defendant's alleged failure to fulfill its statutory duties led Plaintiff to file for a preliminary injunction in state court seeking enforcement of Indiana Code.

Defendant responded by filing a notice of removal alleging that the Indiana statute at issue violates the United States Constitution. Defendant believes that such defense forms the basis for federal question jurisdiction over Plaintiff's case. (DE 2, Notice of Removal ¶¶ 2, 5, 7.) Additionally, Defendant claims that Plaintiff's headquarters is in California, and asserts as a result, that this Court has diversity jurisdiction over the parties as well. Defendant contends that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, making removal proper as outlined in 28 U.S.C. § 1441(a)-(b).[3]

---

[2] Ind. Code 20-26-7-1(g) (2012) states:

> If a charter school wishes to use a school building on the list created under subsection (e), the charter school shall send a letter of intent to the department. The department shall notify the school corporation of the charter school's intent, and the school corporation that owns the school building shall lease the school building to the charter school for one dollar ($1) per year for as long as the charter school uses the school building for classroom instruction or for a term at the charter school's discretion, or sell the school building to the charter school for one dollar ($1). The charter school must begin to use the school building for classroom instruction not later than two (2) years after acquiring the school building. If the school building is not used for classroom instruction within two (2) years after acquiring the school building, the school building shall be placed on the department's list under subsection (e). If during the term of the lease the charter school closes or ceases using the school building for classroom instruction, the school building shall be placed on the department's list under subsection (e).

[3] 28 U.S.C. § 1441 (2012) states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

3

**B. Analysis**

**(1)** *Diversity Jurisdiction*

Federal diversity jurisdiction requires that the suit be between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign State" and that the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a) (2012). For removal of a suit brought in state court to be proper, the defendant must establish that the amount in controversy exceeds $75,000 and that the parties are citizens of different states. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (a party choosing federal court must set out the basis of federal jurisdiction and prove any contested factual allegation). Corporations are considered citizens of their state of incorporation and the state where the corporation maintains its principal place of business. 28 U.S.C. § 1332(c)(1) (2012); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991).

While Plaintiff concedes that the amount in controversy is greater than $75,000, it disputes there is diversity of citizenship between the parties; and rightly so. Defendant's asserts that Plaintiff is a California corporation because it was incorporated in Indiana by Kipp Foundation (purportedly a California corporation) whose lawyer's office is located in California. However, this argument has no basis in law; in fact the argument borders on being frivolous. The evidence introduced at the hearing shows that Plaintiff was an Indiana corporation with its primary place of business in Gary both when it sued Defendant and when the case was removed to this Court. (DE 6, R. at 14, 49.) Since citizenship of the parties for the purpose of diversity

---

or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending .

jurisdiction is determined at those moments, *see Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993), no diversity jurisdiction exists in this case.

**(2)** *Federal Question Jurisdiction*

Title 28 U.S.C. § 1331 gives federal district courts original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331 (2012). A case arises under federal law, as understood in § 1331, only when the claim for relief depends upon federal law. *Vorhees v. Naper Aero Club, Inc*., 272 F.3d 398, 402 (7th Cir. 2001). A defense based upon federal law does not establish federal question jurisdiction. *DeBartolo v. HealthSouth Corp*., 569 F.3d 736, 741 (7th Cir. 2009) (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

The Complaint does not invoke any federal law or raise any federal issues. Plaintiff's allegation that Defendant failed to abide by an Indiana statute implicates nothing more than a state law claim for relief. Defendant contends that Plaintiff is seeking to enforce a state statute that violates the United States Constitution. Yet, this affirmative defense does not establish federal question jurisdiction. Accordingly, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331.

**3)** *Attorney's Fees*

Plaintiff has moved for award of attorney's fees if the Court determines that removal was improper. Title 28 U.S.C. § 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2012). Generally, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for

removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). However, when clearly established law demonstrates that there is no basis for removal, attorney's fees are appropriate. *See Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). District courts have discretion to weigh the specific circumstances of a case which may warrant a departure from the general rule. *MTC Dev. Group, LLC v. Lewis*, 2011 U.S. Dist. LEXIS 133610, at *7 (N.D. Ill. Nov. 20, 2011).

The Court finds that awarding attorney's fees is appropriate because no objectively reasonable basis for removal exists. The diversity jurisdiction and federal question jurisdiction standards are long established and were disregarded by Defendant in its notice of removal. Defendant did not remove this case because it was confused about Plaintiff's state of incorporation but because it decided to advance an untenable argument that Plaintiff was a citizen of California because a Californian corporation and its lawyer were Plaintiff's incorporators in Indiana. Likewise, Plaintiff should not have to pay for opposing Defendant's attempt to invoke federal question jurisdiction on the basis of its affirmative defense that Indiana laws violate the United States Constitution, when the law on this issue is clearly settled.

**C. Conclusion**

The Court grants Plaintiff's motion to remand (DE 3).

The Court also grants Plaintiff's request for costs and attorney's fees associated with Defendant's removal of this case. Within 14 days of this order, Plaintiff should submit an itemized list of costs and attorney's fees.

SO ORDERED on October 19, 2012.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE